IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **ALI GHASEMI,** *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil No. SAG-25-2149 |
| **UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,** *et al.*, | * | |
| Defendants. | * | |

**MEMORANDUM OPINION**

Plaintiffs Ali Ghasemi and Azin Etemadimanesh ("Plaintiffs"), who are presently self-represented but were represented by counsel until the filing of this motion, filed this mandamus action seeking adjudications of their I-485 petitions. ECF 1. Plaintiffs have filed a motion seeking reimbursement of their attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). ECF 6. Defendants opposed the motion, ECF 12, and Plaintiffs filed a reply, ECF 13. This Court has reviewed the briefing and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons stated herein, Plaintiffs' motion must be denied.

**I. FACTUAL BACKGROUND**

Plaintiffs filed their complaint on July 2, 2025, alleging that their applications had been pending since 2023 without action. ECF 1. Less than a month after the complaint was filed, USCIS scheduled interviews for Plaintiffs. The interviews were conducted in August, 2025 and USCIS approved Plaintiffs' applications on August 20, 2025. ECF 6. Plaintiffs voluntarily dismissed this action on August 21, 2025. ECF 4. They now seek to recover the $4,905 they expended in attorney's fees and costs for the mandamus action. ECF 6-2 at 3–4.

## II. ANALYSIS

The EAJA provides:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The Fourth Circuit has explained that "[t]he term 'prevailing party' is a 'legal term of art' that is 'interpreted . . . consistently' across various statutory fee shifting provisions." *Ge v. United States Citizenship & Immigr. Servs.,* 20 F.4th 147, 153 (4th Cir. 2021) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.,* 532 U.S. 598, 603 & n.4 (2001)). To qualify as a prevailing party, a plaintiff must "obtain (1) a judgment, consent decree, or similar order, (2) that grants him some legal relief on the merits, (3) that materially alters the legal relationship between him and the defendant, and (4) that is enforceable by the court." *Id.* In this case, this Court issued no orders at all before Plaintiffs voluntarily dismissed their action.

Plaintiffs argue that "[a] mechanical application of *Buckhannon* would overlook the context and purpose of EAJA." ECF 13 at 3. However, this Court remains bound by Supreme Court and Fourth Circuit precedent regardless of policy arguments to the contrary. Those courts have ruled that a party cannot qualify as "prevailing" absent a court order granting legal relief on the merits. In the absence of such an order, as in this case, this Court does not reach the issue of whether Defendants' position was substantially justified.

For the reasons stated herein, Plaintiffs' motion for attorneys' fees, ECF 6, must be denied.

A separate Order follows.


Dated: January 21, 2026                                          /s/
                                                       Stephanie A. Gallagher
                                                       United States District Judge